IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RONNY L. HAYES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-126 |
| | § | |
| KIRBY INLAND MARINE, LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Transfer Venue (Dkt. # 5) and Defendant's Amended Motion to Transfer Venue (Dkt. # 51) and related briefing. The defendant requests that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). After considering the filings of the parties and the applicable law, the court DENIES the Motion for the reasons expressed below.

**I.     Factual Background**

On April 10, 2007, Plaintiff Ronny L. Hayes ("Hayes") filed suit against Defendant Kirby Inland Marine, LP ("Kirby") claiming damages for personal injury from negligence under the Jones Act, Title 46 U.S.C. § 688, and for personal injuries from unseaworthiness under the General Maritime Law of the United States. Hayes is a resident of Louisiana. Kirby is a partnership organized under the laws of the state of Delaware, with its principal place of business in Channelview, Texas which is located in the Southern District.

In June 2006, Hayes was employed by Kirby as a relief captain of a tug. On June 6, Hayes was called to start the engine on one of Kirby's barges. While traversing a walkway that ran fore and

aft on the barge, Hayes fell. As a result of his fall, Hayes sustained injuries to his neck and his back. Hayes alleges that Kirby management knew that the walkway was weak, damaged and unstable.

**II.     Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the

avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

### A.      Private Factors

1.      <u>Plaintiff's Choice of Forum</u>

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2.      <u>The Convenience of the Parties and the Witnesses</u>

The court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the plaintiff resides in Shreveport, Louisiana, 40 miles east of Marshall, Texas. The defendant's principal place of business is in the Southern District of Texas, approximately 200 miles from Marshall. The Southern District of Texas is far less convenient to the plaintiff than the Eastern District of Texas, but it is more convenient to the defendant. This portion of the analysis is neutral.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775

3

(quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).  The defendant identifies twenty witnesses.  Of those, nineteen are physicians or expert witnesses.  The remaining witness, Ms. Mary McFarland is an alleged eyewitness to the events that form the basis of plaintiff's complaint.  Ms. McFarland is an employee of the defendant.  Ms. McFarland lives in Port Neches, Texas located in the Eastern District.

Of the thirteen physicians, ten are based in Houston.  However, the plaintiff contends that he only saw two of them.  The plaintiff also contends that the defendant only sought to obtain discovery from these two physicians.  The plaintiff further argues that the most relevant medical witness is Dr. Todd Raabe, the plaintiff's primary treating physician.  Dr. Raabe offices in Tyler, Texas and performed Hayes' most recent surgery on December 24, 2007.  The plaintiff also identifies family members who live in the Shreveport area that will be called to testify with respect to damages.  Given the location of the various witnesses, the court finds that this factor weighs against transfer.

3. The Place of the Alleged Wrong

The vessel and barge that the plaintiff alleges were the cause of his injury operate in the coastal and harbor waters of Houston and Galveston.  The court finds that this factor weighs in favor of transfer.

4. The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process

All the key witnesses identified by the defendant live in Texas, and therefore are within the subpoena power of both the Southern and Eastern Districts.  Some of the witnesses identified by the plaintiff, however, live in the vicinity of Shreveport, Louisiana.  Shreveport is within the subpoena

power of the Eastern District, but not the Southern District. The court finds that this factor weighs slightly against transfer.

        5.      The Availability and Location of Sources of Proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage. *Mohamed*, 90 F. Supp. 2d at 778. The defendant argues that the vessel and barge the plaintiff alleges were the cause of his injury operate in the coastal and harbor waters of Houston and Galveston. The plaintiff responds that the walkway on the barge off which the plaintiff fell has been altered to correct the alleged unsafe condition, thus minimizing the importance of its location. The court finds that this factor slightly favors transfer.

        6.      The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). The court is unaware of any possibility of delay or prejudice if the case is transferred. This factor is neutral.

**B.**    **Public Interest Factors**

        1.      The Administrative Difficulties Caused by Court Congestion

The court is not aware of any administrative difficulties at issue in this case. Therefore, this factor is neutral.

        2.      The Local Interest in Adjudicating Local Disputes

The defendant argues that it does not have any significant connection to Marshall, Texas. The plaintiff responses that the defendant operates vessels and barges along the entire Gulf Coast

and employs men and women from the Eastern District. The Southern District may have a stronger interest in adjudicating this matter than the Eastern District, however, this District is not without interest. The citizens of the Eastern District have an interest in adjudicating issues of safe maintenance and operation of vessels by an employer of citizens of the Eastern District. The Marshall Division, moreover, is easily accessible to the plaintiff and is a court with subpoena power over all of the Texas witnesses as well as those located near Shreveport. This factor weighs slightly in favor of transfer.

       3.      <u>The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

The defendant employs citizens of the Eastern District and operates vessels along the coast of the Eastern District. This factor weighs against transfer.

       4.      <u>The avoidance of unnecessary problems in conflict of laws</u>

The court finds that this factor is inapplicable in this transfer analysis.

## III.  Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Southern District of Texas is not warranted. The court finds that the competing factors do not justify disturbing the plaintiff's choice of forum. The court, therefore, DENIES Defendant's Motion to Transfer Venue.

SIGNED this 13th day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE